UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14CV-00066-HBB

TINA C. UTLEY                          PLAINTIFF

VS.

CAROLYN W. COLVIN,
Commissioner of Social Security                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Tina C. Utley ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 18) have filed a Fact and Law Summary. Additionally, Plaintiff has filed a motion for summary judgment (DN 12) and Defendant has filed a response (DN 18).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered August 27, 2014 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

1

FINDINGS OF FACT

On August 15, 2011, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits (Tr. 140-146, 147-153). Plaintiff alleged that she became disabled on April 11, 2011, as a result of Asthma (Tr. 182). Administrative Law Judge Edward F. Sweeney ("ALJ") conducted a hearing on December 12, 2012, in Paducah, Kentucky (Tr. 25). Plaintiff was present and represented by attorney Nathan Craig (Tr. 25). Also present and testifying was James Adams, a vocational expert (Tr. 25).

In a decision dated January 10, 2013, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-20). The ALJ concluded that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015 (Tr. 13). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 11, 2011, the alleged onset date (Tr. 13). At the second step, the ALJ determined that Plaintiff's chronic obstructive pulmonary disease and asthma are "severe" impairments within the meaning of the regulations (Tr. 13). Notably, at the second step, the ALJ also determined that Plaintiff's alleged carpal tunnel syndrome, chronic dry eyes, difficulty reading, and difficulty writing are "non-severe" impairments within the meaning of the regulations (Tr. 14). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 14).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of sedentary work because she must avoid concentrated exposure to environmental irritants such as fumes, dusts, and odors; and she must avoid concentrated exposure to extreme heat or cold (Tr. 14). Relying on testimony from the vocational expert, the ALJ found

that Plaintiff is unable to perform her past relevant work as a chicken farm laborer (medium exertional level), a nurse's aide (medium exertional level), and a seamstress (light exertional level) (Tr. 18).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 18-19). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 18-19). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 11, 2011 through January 10, 2013, the date of the decision (Tr. 19-20).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

## CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g);

Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff disagrees with part of Finding No. 3[1] (DN 12, Memorandum at Pages 2-4). This finding addresses the second step in the sequential evaluation process. At the second step a claimant must demonstrate she has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the claimant must show she suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. §§ 404.1508,

---

1 Plaintiff's Fact and Law Summary erroneously indicates she disagrees with Finding No. 4 (DN 12, Fact and Law Summary). It is clear from her argument that Plaintiff disagrees with Finding No. 3 (DN 12, Fact and Law Summary and Memorandum at Pages 2-4).

5

416.908; Social Security Ruling 96-4p, 1996 WL 374187, at *1; Social Security Ruling 96-3p, 1996 WL 374181, at *2. Thus, symptoms and subjective complaints alone are not sufficient to establish the existence of a "medically determinable" physical or mental impairment. Social Security Ruling 96-4p, 1996 WL 374187, at *1.

Plaintiff argues the ALJ should have found her chronic bilateral hand pain and chronic dry eyes are severe impairments (DN 12, Memorandum at Pages 2-4). Plaintiff asserts the ALJ's findings to the contrary are not supported by substantial evidence in the record and do not comport with the applicable legal standards (DN 12, Memorandum at Pages 2-4).

The ALJ determined there was no objective medical evidence in the record substantiating Plaintiff's claimed bilateral carpal tunnel syndrome (Tr. 14). Therefore, the ALJ found Plaintiff "does not have a medically determinable impairment regarding this condition" (Tr. 14). Plaintiff argues this finding is not supported by substantial evidence for the following reasons:

> The record indicates that Ms. Utley has been treated for symptoms of chronic hand and wrist pain due to her previous work experience that required repetitive use of her hands. (TR 193-201). The record shows a continuous diagnosis of ulnar neuropathy. (TR 237-239) and [sic] has been prescribed an anti-inflammatory in the form of Naproxen. (Tr. 237-239).

(DN 12, Memorandum at Page 3). However, Plaintiff's transcript citation at the end of the first sentence does not identify supporting medical evidence (Tr. 193-201). Instead, her transcript citation identifies a "WORK HISTORY REPORT" that she filed out on August 27, 2011 (Tr. 193-201). Additionally, Plaintiff's transcript citations at the end of the second and third sentences do not identify medical records showing a continuous diagnosis of ulnar neuropathy and treatment with a prescription anti-inflammatory (Tr. 237-239). Rather, the transcript citation identifies a consultative examiner's report that addresses Plaintiff's asthma (Tr. 237-239). Notably, the

consultative physical examination revealed 5/5 strength in all extremities and no significant limitations with Plaintiff's range of motion (Tr. 238, 239).  Thus, Plaintiff has failed to identify objective medical evidence in the record that demonstrates her hand/wrist pain is a "medically determinable" impairment.  Further, the undersigned concludes the ALJ's finding is supported by substantial evidence in the record and comports with applicable law.

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  United States v. Layne, 192 F.3d 556, 566 (6th Cir.1999) (quoting McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir.1997)); see also Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider issues not fully developed and argued to be waived.").  Here, Plaintiff has not set forth any argument or medical evidence supporting her position that chronic dry eyes are a medically determinable physical condition that significantly limits her ability to do one or more basic work activities (DN 12, Memorandum at Pages 2-4).  Therefore, Plaintiff is deemed to have waived her argument that the ALJ should have found her chronic dry eyes are a severe impairment.  Notwithstanding, the ALJ's finding--Plaintiff's chronic dry eyes did not impose significant limitations on her ability to do one or more basic work activities--is supported by substantial evidence in the record and comports with applicable law (Tr. 14).

Next, Plaintiff disagrees with the residual functional capacity assessment in Finding No. 5 (DN 12, Fact and Law Summary and Memorandum at Pages 4-8).  At the fourth step in the sequential evaluation process the Administrative Law Judge makes findings regarding the claimant's residual functional capacity.  See 20 C.F.R. §§ 404.1520(e), 416.920(e).  The residual functional capacity assessment is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.  20 C.F.R. §§ 404.1545(a),

404.1546, 416.945(a), 416.946. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

First, Plaintiff argues the ALJ's evaluation of the medical source opinion from Ms. Lindsay McGehee, APRN, does not comport with applicable law (DN 12, Memorandum at Pages 4-7). The law is well established. The treating source rule applies to a "medical opinion" rendered by an "acceptable medical source" who has, or has had, an ongoing treatment relationship with the claimant. 20 C.F.R. §§ 404.1502, 404.1513(a)(1), 404.1527(a)(2) and (c), 416,902, 416.913(a)(1), 416.927(a)(2) and (c); Social Security Rule 96-2p; Gayheart v. Commissioner, 710 F.3d 365, 375-376 (6th Cir. 2013); Rogers v. Commissioner, 486 F.3d 234, 242 (6th Cir. 2007); Wilson v. Commissioner, 378 F.3d 541, 544 (6th Cir. 2004). Additionally, the regulations expressly indicate only "acceptable medical sources" are qualified to render "medical opinions" about the nature and severity of a claimant's impairment, including limitations or restrictions imposed by the impairment. 20 C.F.R. §§404.1513(a) and (b)(6), 404.1527(a)(2), 416.913(a) and (b)(6), 416.927(a)(2). Nurse practitioners are not classified as "acceptable medical sources" under the regulations. 20 C.F.R. §§ 404.1513(a), 416.913(a). Instead, nurse practitioners are one of several types of "medical sources" that are classified as "other sources" evidence. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). Applying the applicable law to the evidence in the

record, the treating source rule does not apply to Nurse McGehee because she is a nurse practitioner. 20 C.F.R. §§ 404.1502, 404.1513(a) and (d), 404.1527(c), 416.902, 416.913(a) and (d), 416.927(c). Further, Nurse McGehee is not qualified to render a medical opinion about restrictions imposed by Plaintiff's impairments because she is not an "acceptable medical source" and "treating source" under the regulations. 20 C.F.R. §§ 404.1502, 404.1513(a) and (d), 404.1527(c), 416.902, 416.913(a) and (d), 416.927(c).

Although the treating source rule does not apply to the opinion rendered by Nurse McGehee, Social Security Ruling 06-03p indicates the factors in 20 C.F.R. §§ 404.1527(c) and 416.927(c) can be applied when the ALJ assigns weight to her opinion. This means the opinion can be weighed based on factors such as "the examining relationship (or lack thereof), specialization, consistency, and supportability..." Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)). Further, other factors that tend to support or contradict Nurse McGehee's opinion may be considered in assessing her opinion. Gayheart, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)). Notably, Social Security Ruling 06-03p indicates not every factor in 20 C.F.R. §§ 404.1527(c) and 416.927(c) will apply in every case. Additionally, Social Security Ruling 06-03p indicates assessing opinions from "other sources" will depend on the particular facts of the case and each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and the weighing of all the evidence in that particular case.

Nurse McGehee works at the Bell Clinic and treated Plaintiff's asthma condition (Tr. 250-267). On November 28, 2012, Nurse McGehee prepared a letter that in relevant part reads as follows:

> Mrs. Tina Utley suffers from severe COPD and asthma. Due to severe asthma and frequent flare ups Mrs. Utley requires a home nebulizer medicine.

9

> During times of asthma exacerbation, Tina may have to use her nebulizer machine every 4 to 6 hours, usually taking 10-20 minutes per treatment.
>
> Tina also must avoid environmental pollutants, dusts, gases, odors, fumes and chemicals as they may trigger an asthma attack.

(Tr. 301).

The ALJ appropriately noted that the Bell Clinic records did not indicate a worsening of Plaintiff's asthma condition prior to April 11, 2011 (the alleged onset of disability) (Tr. 16, 250-267, 270-276). Further, the ALJ observed that on August 6, 2012, almost a year and a half after the alleged onset date, Plaintiff began complaining about significant problems with her asthma (Tr. 16, 270-273). The ALJ accurately summarized the Bell Clinic's records regarding Plaintiff's three office visits on August 6, August 24, and December 13, 2012, that pertained to her asthma (Tr. 16). The ALJ's summary discussed Plaintiff's reported asthma difficulties, the number of times per day she reported using her inhaler and nebulizer, the number of cigarettes she reported smoking daily, what examinations revealed, what an x-ray revealed, and that Nurse McGehee urged Plaintiff to quit smoking (Tr. 16, 270-280, 283-288, 300-311). Readily apparent from the ALJ's summary is how infrequently Plaintiff sought treatment from the Bell Clinic in 2011 and 2012 for an exacerbation of her asthma. Also obvious from the record is a notable absence of trips to a hospital emergency room or other type of emergent care facility in 2011 and 2012 because of an exacerbation of asthma.

The ALJ also noted the conflict between Plaintiff's statements in the disability application and her hearing testimony about the frequency she used her nebulizer (Tr. 16). The ALJ concluded that although Plaintiff may require more nebulizer treatments during periods of exacerbations, the evidence of record failed to reveal frequent exacerbations (Tr. 16). The ALJ

noted that the evidence did not reveal Plaintiff was experiencing any significant problems until August 6, 2012, almost a year and a half after her alleged onset date (Tr. 16). Additionally, the ALJ observed that Plaintiff's decision to continue smoking, despite numerous recommendations to quit, suggested her limitations from the asthma were not as severe as she alleged (Tr. 17).

The ALJ accurately summarized Nurse McGehee's letter dated November 28, 2012 (Tr. 17). The ALJ's assessment of Nurse McGehee's opinions reads as follows:

> Although a nurse practitioner is not an acceptable medical source, their opinions must be considered as "other evidence". Nurse McGehee's **opinion** that the claimant **should avoid environmental pollutants** is consistent with the evidence of record and is **afforded some weight**. **Accordingly, the undersigned finds that the claimant should avoid concentrated exposure to environmental irritants, such as fumes, dusts, and odors. In addition, she should avoid concentrated exposure to extreme heat or cold.** While Nurse McGehee stated that the claimant "may" have to use her nebulizer every four to six hours during "times of asthma exacerbation", as stated earlier, the **record fails to reveal evidence of frequent exacerbations**. The claimant's alleged onset date is April 11, 2011. The record reveals only a few months of significant complaints, which did not begin until August 2012, almost a year and a half after her alleged onset date. Accordingly, the undersigned **affords little weight** regarding Nurse McGehee's **opinion** regarding the **frequency of needed treatments**.

(Tr. 18) (emphasis added). The undersigned concludes the ALJ's assignment of weight to Nurse McGehee's opinion comports with applicable law and is supported by substantial evidence in the record.

Next, Plaintiff disagrees with the ALJ's residual functional capacity assessment because she believes he failed to comply with Social Security Ruling 96-7p when he evaluated the credibility of her subjective complaints about her symptoms (DN 12, Memorandum at Pages 7-9). In assessing a claimant's residual functional capacity the Administrative Law Judge must

11

necessarily consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p. A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. Here, the ALJ reviewed the record and concluded there was objective medical evidence of chronic obstructive pulmonary disease ("COPD") and asthma (Tr. 13-14).

Next, the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. Here, the ALJ found Plaintiff's COPD and asthma were not of such severity that they could reasonably be expected to produce the alleged disabling symptoms (Tr. 16). When, as in this case, the reported symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ appropriately considered Plaintiff's level of daily activity as a factor in determining the extent to which her symptoms are of disabling severity (Tr. 17). 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha

v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). Additionally, the ALJ considered the infrequency that Plaintiff has sought treatment for her COPD and asthma as a factor in assessing her subjective complaints. 20 C.F.R. §§ 404.1529(c)(3)(v) and 416.929(c)(3)(v). Further, the ALJ reflected on inconsistencies in the evidence like Plaintiff's decision to continue smoking despite being urged to quit and there being no indication her condition worsened around the time of her alleged onset of disability (Tr. 16-18). 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).

The ALJ found from the medical records and Plaintiff's testimony that Plaintiff does not suffer COPD and asthma symptoms to the extent she testified. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of such symptoms is a highly individualized matter, and a determination of disability based symptoms depends, of necessity, largely on the credibility of Plaintiff, the conclusion of the ALJ, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law.

Next, Plaintiff disagrees with Finding No. 10 and Finding No. 11 because she believes her physical limitations would not allow her to perform a significant number of jobs in the national economy (DN 12, Fact and Law Summary). Notably, Plaintiff's position is based on her previous challenges to the ALJ's findings. For the reasons set forth above, the undersigned concludes there is no merit to Plaintiff's disagreement with Finding No. 10 and Finding No. 11.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

This is a final and appealable Order and there is no just cause for delay.

Copies:    Counsel